E. P. BRINK, Appellant, v. HENRY GARLAND, Respondent.

Kansas City Court of Appeals, May 14, 1894.

1. **Payment:** ACCEPTANCE OF SMALLER AMOUNT: ISSUE.   There was evidence that plaintiff accepted a given sum as all that was due him and the court instructed that if he did so the finding should be for the defendant.   *Held*, proper, and that authorities holding acceptance of a part of a debt conceded to be owing to the acceptor as in full of the debt is no consideration for the discharge of the whole debt have no application, as that was not the issue in this case.

2. **Instructions:** EVIDENCE: REMARKS OF COUNSEL.   Certain instructions criticised or approved and no error is found in the admission of evidence nor any reversible error in the matters connected with the opening statement of defendant's counsel, especially, as no exceptions were saved thereto.

*Appeal from the Jackson Circuit Court.*—HON. ED. L.
SCARRITT, Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1) It is error to use a technical term in an instruction without proper explanation. *Digby v. Ins. Co.*, 3 Mo. App. 603. Again, the instruction ignores all the issues in this case, except one, and does not define that one. Instructions must not ignore the issues in a case. *Russell v. Railroad*, 26 Mo. App. 368; *McDonald v. Cable Co.*, 32 Mo. App. 70; *Bailey v. Beasley*, 32 Mo. 406. (2) Plaintiff alleges that he contracted with defendant to do certain work as an architect in the construction of a block of residences for defendant for the sum of $3,000. The second instruction given for defendant is predicated upon an assumed accord and satisfaction of plaintiff's claim. Said instruction number 2 does not properly declare the law. *Fire Ins. Ass'n v. Wickham*, 141 U. S. 564; *Riley v. Kershan*, 52 Mo. (224), 226. In *Helling v. United Order of Honor*, 29 Mo. App. 309; *Railroad v. Davis*, 35 Kan. 464; *Gibony v. Ins. Co.*, 48 Mo. App. 185, 191; *Goff v. Mulholland*, 28 Mo. 397; *Chamber of Commerce v. Knowlton*, 44 N. W. Rep. 2; s. c., 42 Minn. 229, the payment of a part of the whole debt is not a good satisfaction, even if accepted. *Line v. Nelson*, 38 N. J. L. 358; *Warren v. Skinner*, 20 Conn. 557; *Brooks v. Moore*, 67 Barb. (N. Y.) 394; *Dedrick v. Leman*, 9 Johns. (N. Y.) 333; *Curran v. Rummell*, 118 Mass. 482; *Clarke v. Kitchen*, 52 Mo. 316; *Chappell v. Allen*, 38 Mo. 213. Instruction number 3 given for defendant against plaintiff's objection and exception was erroneous in using the expression "a preponderance of the evidence," without anywhere defining that

expression.    Thompson on Trials, sec. 2327; *Carson v. Porter*, 22 Mo. App. 179; *Mackin v. Railroad*, 45 Mo. App. 82.

*L. H. Waters* for respondent.

(1) Respondent's first instruction was in the usual form and has never been criticised before.   The case of *Digby v. Ins. Co.*, 3 Mo. App. 603, has no application. *McFadin v. Catron*, 25 S. W. Rep. 510. (2) There was evidence tending to show that there was no contract as to plaintiff's services and that he was paid $1,500 in full therefor.   It is not claimed that a debt of $3,000 was discharged by the payment of a less sum. (3) Respondent's third instruction is in the usual form. *Chappell v. Allen*, 38 Mo. 213; *Carson v. Porter*, 22 Mo. App. 179; *Carter v. Wilson*, 64 Mo. 164.

ELLISON, J.—This action is stated in a petition containing two counts, one upon contract for plans furnished by plaintiff as an architect, and the other upon a *quantum meruit*.   The judgment below was for defendant.

An examination of this case has satisfied us that it was fairly tried and that the points made by plaintiff to sustain the appeal are not well taken.   It was conceded that plaintiff performed services for defendant and that he had been paid the sum of $1,500; defendant contending that there was no agreed price and that that sum was all he owed him, and plaintiff contending that the contract price agreed was $3,000, thus leaving, according to plaintiff's view, a balance of $1,500 still due him.   There was evidence in defendant's behalf tending to show that plaintiff accepted the payment of $1,500 as all that was due him, and the court instructed that if he did so accept it then the finding should be for

Box v. The A., T. & S. F. R'y Co.

defendant. · We discover no possible objection to this instruction as it is applied to the facts of the case. Plaintiff cites us to many authorities holding that the acceptance of part of a debt conceded to be owing to the acceptor as in full of the debt is no consideration for the discharge of the whole debt. We can see no application of these authorities to the facts here.

As to the use of the words "preponderance of the evidence" in plaintiff's third instruction, we are of the opinion they do not amount to reversible error.

No error was committed in admitting evidence as to the money borrowed on the building.

The objection to defendant's first instruction is hypercritical. The instruction, considering the purpose of instructions of similar nature, is without fault.

Nor have we concluded that anything occurred in the opening statement of defendant's attorney in the light of the fact that he was immediately admonished by the court to keep within the facts expected to be proved. Especially has plaintiff no reason to complain here, since he saved no exception to the action of the court on his objection to counsel's statement.

An examination of this case, as before stated, has satisfied us that it was fairly tried, and we will affirm the judgment. All concur.